# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:10CR00017 |
| v. ) | **OPINION** |
| ) | |
| **JIMMY SCOTT ELKINS,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Jimmy Scott Elkins, Pro Se Defendant.*

The defendant, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2013). After review of the record, I find that defendant has not established any ground for relief under § 2255. I also find that defendant's motions seeking to withdraw his guilty plea and dismiss the Indictment must be denied.

I

A grand jury of this court returned an Indictment on December 7, 2010, charging that Jimmy Scott Elkins knowingly possessed firearms while being subject to a domestic protective order, in violation of 18 U.S.C.A. §§ 922(g)(8) (West 2000). Elkins, through counsel, filed a Motion to Dismiss, arguing that the

charge violated his rights under the Second Amendment, and the parties filed cross Motions in Limine. I denied Elkins' Motion to Dismiss, *United States v. Elkins*, 780 F. Supp. 2d 473 (W.D. Va. 2011), as well as his Motion in Limine, but granted the government's motion to exclude evidence or argument that Elkins did not know it was illegal for him to possess firearms while subject to a domestic protective order.[1]

On May 5, 2011, Elkins entered a conditional plea of guilty pursuant to a written Plea Agreement that reserved his right to appeal the denial of his pretrial Motion to Dismiss. Thereafter, Elkins filed several pro se motions, seeking dismissal of the indictment or to withdraw his guilty plea. After conducting a hearing on these motions, I denied them on February 2, 2012. I sentenced Elkins on April 4, 2012, to 27 months in prison and entered judgment the next day.

As permitted by his Plea Agreement, Elkins appealed. Ultimately, the appeal and subsequent petition for certiorari were unsuccessful. *United States v.*

---

[1] The issues focused on the reverse page of the protective order at issue, which included the return of the deputy, showing service of the order on Elkins. This reverse page also stated that possession of firearms or ammunition while subject to a protective order was a violation of federal law. Based on the deputy's testimony that he might not have provided Elkins with a copy of the reverse page of the order, Elkins argued that the reverse page should be excluded as prejudicial or that he should be allowed to offer it as proof that he did not know he was prohibited from possessing firearms and ammunition while under the order. I found that the reverse page was relevant as proof that Elkins received notice of the protective order and that because ignorance of the law is not a defense, admission of the page would not prejudice Elkins.

*Elkins*, 495 F. App'x 330 (4th Cir. 2012) (unpublished), *cert. denied*, 133 S. Ct. 894 (2013).

In his § 2255 motion and related papers, Elkins alleges the following grounds for relief: (a) his attorney disclosed a confidential letter to the government and delivered Elkins' Presentence Investigation Report ("PSR") to jail officials in an unsealed envelope; (b) because the protective order at issue in the Indictment was deficient, Elkins' conviction violated his Second Amendment rights; (c) the court's exclusion of evidence regarding Elkins' ignorance of federal law precluded him from raising "entrapment by estoppel" as a defense; (d) counsel's deficient advice led Elkins to enter a conditional guilty plea, which prevented him from raising on appeal the issues in claims (b) and (c); and (e) evidence seized by an officer who was later fired was illegally obtained. The government has filed a Motion to Dismiss, to which Elkins has responded.

II

A. Procedural Default.

Issues fully considered and decided on direct appeal cannot be reconsidered on collateral attack. *See Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Moreover, claims regarding trial or sentencing errors that could have been, but were not, raised on direct appeal are also barred from review under §

2255, unless the defendant shows cause for the default and actual prejudice or demonstrates that he is "actually innocent."  *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotation marks and citation omitted).  Claim (b) of Elkins' § 2255 motion, alleging that deficiencies of the protective order rendered Elkins' § 922(g)(8) charge unconstitutional under the Second Amendment, was raised on appeal.  Because the Fourth Circuit expressly rejected the issues Elkins now raises, he is foreclosed from again asserting this claim under § 2255.

At trial and on appeal, Elkins could have raised Claim (c), alleging that the court prevented him from raising an estoppel defense, and Claim (e), alleging that certain evidence was illegally obtained because the officer executing the search warrant was later fired.  Elkins argues in Claim (d) that counsel's deficient advice regarding the conditional guilty plea prevented him from raising these issues on appeal, but for reasons elaborated hereafter, this claim fails on the merits. Therefore, it cannot serve as cause for his default.  *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (holding that to show cause for default based on counsel's actions, defendant must show deprivation of constitutional right to effective assistance).  Elkins fails to make any other showing of cause for his default[2] and

---

[2]  Elkins asserts that he only recently learned that the deputy who conducted the allegedly illegal search and seizure had subsequently been fired.  Elkins does not explain, however, any respect in which the deputy's later employment status is relevant to the validity of a search he conducted while employed.

also makes no colorable showing of actual innocence of the offense.[3] I will grant the Motion to Dismiss as to Claims (c) and (e), because these claims are procedurally barred from collateral review.

## B. Ineffective Assistance of Counsel.

To prove that counsel's representation was so defective as to require reversal of the conviction or sentence, a defendant must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The defendant must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. *Id.* at 689. In addition, the defendant must show prejudice — by demonstrating a "reasonable probability" that but for counsel's errors, the outcome would have been different. *Id.* at 694-95. When the defendant alleges that counsel's error led him to enter an invalid guilty plea, to show prejudice, he must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

---

[3] In order to use an actual innocence claim as a procedural gateway to assert claims that are otherwise procedurally barred, the movant must present "new reliable evidence" and "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). Elkins does not present any new evidence meeting the *Schlup* definition or satisfying its more-likely-than-not standard.

If it is clear that the defendant has not satisfied one prong of the *Strickland* test, the court need not inquire whether he has satisfied the other prong. *Id.* at 697. In a § 2255 motion, the defendant bears the burden of proving his claims by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Claim (a):  Counsel's duty of confidentiality.

In support of this claim, Elkins alleges that his attorney disclosed to the prosecutor a letter Elkins had given her in confidence, explaining his religion and his belief that local Freemasons had set him up.  Elkins also complains that counsel's carelessness with his PSR allowed jail officials to view the private information it contained.  Elkins asserts that counsel's conduct breached her ethical obligation to maintain client confidences, revealed his defense strategy to his opponent, and placed him at risk of attack for his religious beliefs.

I need not decide whether these alleged ethical violations by counsel also constituted deficient representation under *Strickland*, because Elkins' claim fails under the prejudice prong of that standard. Elkins does not demonstrate a reasonable probability that if counsel had better protected his letter and PSR, he would not have pleaded guilty or would have achieved a different outcome in the proceedings.  Therefore, I will grant the Motion to Dismiss as to Claim (a).

Claim (b):  Deficient domestic protective order.

Elkins asserts that counsel's arguments concerning the domestic protective order were deficient.  Specifically, he asserts that it was insufficient to remove him from the protection of the Second Amendment, because "there was NO 'Judicial Fact-Finding' at the issuance of the Protective Order, as required by the recent Chapman ruling,"[4] regarding whether he posed a threat to his intimate partner.  (2255 Mot. 10 (emphasis in original).)

The record does not support a finding that counsel's representation on this issue was deficient or prejudicial.  Counsel raised the "fact-finding" requirement during the proceedings on the Motion to Dismiss the Indictment as a violation of the Second Amendment.  *Elkins*, 780 F. Supp. 2d at 479.  When the argument failed, counsel negotiated the conditional plea to preserve this Second Amendment issue for appeal.  Appellate counsel specifically cited and argued the application of *Chapman*, and the Fourth Circuit discussed the *Chapman* decision at length in rejecting Elkins' Second Amendment challenge regarding the sufficiency of the domestic protective order.  *Elkins*, 495 Fed. App'x at 331-33.  Elkins demonstrates no reasonable probability that different arguments or evidence counsel could have presented at trial or on appeal would have resulted in a more favorable outcome on

---

[4]  *United States v. Chapman*, 666 F.3d 220 (4th Cir. 2012).

the Second Amendment issue.[5]  Therefore, the ineffective assistance aspect of Claim (b) fails under both prongs of *Strickland*.

Claim (c): "Entrapment by Estoppel."

Liberally construing Elkins' submissions, he asserts a claim that counsel was ineffective for failing to argue entrapment by estoppel, a narrow exception to the general principle that ignorance of the law is no defense.  Specifically, Elkins argues that he was entitled to rely on affirmative assurances by the state court judge who issued the domestic protective order that the order did not preclude him from possessing firearms and ammunition.  *See United States v. Brady*, 710 F. Supp. 290 (D. Colo. 1989) (finding that conviction of defendant under similar circumstances violated due process).  In support of this defense, Elkins also asserts that he should have been allowed to present evidence of the deputy's failure to provide him a copy of the reverse page of the protective order, warning him about federal firearm regulations.

This ineffective assistance claim fails under both prongs of *Strickland*.  The Fourth Circuit has recognized the existence of the defense Elkins raises, based on the premise that "permitting the government to prosecute individuals who reasonably rely upon that government's interpretation of the law would constitute a

---

[5] Elkins also fails to show that but for counsel's alleged errors regarding the domestic protective order, Elkins would have rejected the conditional plea and insisted on going to trial.  Thus, he fails to satisfy the prejudice prong under *Hill*, 474 U.S. at 58-59.

kind of entrapment." *United States v. Etheridge*, 932 F.2d 318, 321 (4th Cir. 1991) (internal quotations omitted). This entrapment situation does not arise, and the defense does not apply, where "the government that advises and the government that prosecutes are not the same." *Id.* Because a state court judge offered the advice on which Elkins relied in possessing the firearms and ammunition while subject to the protective order, and federal authorities prosecuted him for this conduct, he had no viable entrapment defense. Accordingly, counsel's failure to raise such a defense was neither deficient performance nor prejudicial under *Strickland*. I will grant the Motion to Dismiss as to Claim (c).

Claim (d): Conditional guilty plea limit of appellate issues.

As already discussed, Elkins' conditional guilty plea allowed him to raise appellate claims concerning his Second Amendment right and the sufficiency of the protective order, and his appellate counsel did so. Since the proffered entrapment defense has no merit, Elkins cannot show that preserving his ability to raise this issue on appeal was a reasonable strategic decision or that such an appeal would have resulted in a different outcome. Because Elkins thus fails to show that counsel's advice regarding the conditional guilty plea was either deficient or prejudicial under *Strickland*, I will grant the Motion to Dismiss as to Claim (d).

## III

During the pendency of his § 2255 motion, Elkins has also submitted motions seeking to dismiss the Indictment and withdraw his guilty plea. These motions must be denied.

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). By entering his valid guilty plea, Elkins waived his right to challenge constitutional defects that occurred before the plea, such as the alleged defects with the indictment and the evidence excluded through the government's Motion in Limine. Based on this waiver, I must deny his motions seeking dismissal of the Indictment.

Federal Rule of Criminal Procedure 11(d)(2)(B) permits the withdrawal of a plea of guilty after acceptance of that plea, but before sentencing, if "the defendant can show a fair and just reason for requesting the withdrawal." After the court imposes sentence, however, "the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral

attack." Rule 11(e). Because Elkins current motions to withdraw his guilty plea are after he was sentenced, I must deny them as untimely under Rule 11(e).

IV

In conclusion, it is clear from the record that Elkins' § 2255 challenge to the validity of his guilty plea, based on allegations of ineffective assistance of counsel, and his other § 2255 claims, are without merit. Accordingly, I will grant the Motion to Dismiss his § 2255 motion.

A separate Final Order will be entered herewith.

DATED: July 19, 2013

/s/ James P. Jones
United States District Judge